UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 13-124-HRW

VADA JEAN THOMAS, PLAINTIFF,

v. **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on August 25, 2010, alleging disability beginning on March 20, 2010. This application was denied initially and on reconsideration. On October 26, 2011, an administrative video hearing was conducted by Administrative Law Judge Charles Arnold (hereinafter "ALJ"), wherein Plaintiff testified. At the hearing, Christopher Rymond, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On November 10, 2011, the ALJ issued his decision finding that Plaintiff was not disabled. Plaintiff was 48 years old at the time of the hearing decision. She has completed four or more years of college relevant work as a nurse (Tr. 177-178).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr.15).

The ALJ then determined, at Step 2, that Plaintiff suffers from C5-C6 disc herniation with headaches and arm numbness, lumbar levoscoliosis, left shoulder pain, status post facial jaw reconstruction, PTSD and depression, which he found to be "severe" within the meaning of the Regulations (Tr. 15-16).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 16). In doing so, the ALJ specifically considered listings 1.02,

2

1.04, 12.04 and 12.06 (Tr. 16-18).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 20) but determined that she has the residual functional capacity ("RFC") to perform light / sedentary work involving no over the shoulder level work with her left arm/hand, requiring a sit/stand option, with low stress (Tr. 19-20).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 21-22).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may

3

not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."

*Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).

Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff argues that the hypothetical propounded to the VE did not accurately portray her condition and, as such, the VE's response to it was flawed and should not have been relied upon by the ALJ. The hypothetical in question included limitations involving Plaintiff's shoulder and mental condition. Plaintiff contends that the ALJ should have included the 25% reduction in flexion of her neck, reduced range of motion in her spine and her diagnosis of disc herniation in the hypothetical presented to the VE. These were included in the report of consultative examiner, Andrew Koerber, M.D., which was discussed in the ALJ's decision. Dr. Koerber noted Plaintiff had normal posture and gait, and had no difficulty getting on and off of the examination table (Tr. 300). He stated Plaintiff had a soft tissue defect in her left shoulder, but also reported she had 5/5 muscle strength, intact nerves, and equal and intact sensation (Tr. 301). Dr. Koerber also noted Plaintiff could knee squat, heel, toe and tandem walk without difficulty (Tr. 301). Based on his examination, Dr. Koerber said Plaintiff could "perform activities involving sitting, standing, moving about, lifting objects lighter than 25 pounds, carrying objects lighter than 25 pounds, handling objects, hearing, and speaking" (Tr. 302), which is consistent with the ALJ's RFC finding that Plaintiff could perform light and sedentary work (Tr. 19).

There is nothing in the record to suggest functional limitatuion beyond that contemplated

4

in the RFC. This circuit's long-standing rule that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993). In this case, the hypothetical posed accurately portrayed the RFC as formulated based upon the objective medical evidence. As such, the Court finds that the ALJ's RFC and findings based upon the VE's testimony are supported by substantial evidence in the record.

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 25th day of September, 2014.



Signed By
Henry R. Wilhoit, Jr.
United States District Judge